**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Jennifer E. Duggan, SBN 183833
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COLVIN OIL COMPANY dba SPIRIT MART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF HOHLBEIN,

              Plaintiff,

     v.

COLVIN OIL COMPANY, which will do
business in California as FIREBALL GAS, an
Oregon Corporation, dba SPIRIT MART, and
dba REDWOOD MINI MART, and DOES
ONE to FIFTY, inclusive,

              Defendants.
_____/

Case No: C-08-2160 EMC

**ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL**

Complaint Filed:     April 25, 2008

     Defendant COLVIN OIL COMPANY dba SPIRIT MART, by and through the law firm of

Porter Scott, hereby Answer the Complaint as follows:

     1.     Answering Paragraph 1, said paragraph contains conclusions of law and not allegations

of fact for which a responsive pleading is required.

     2.     Answering Paragraph 2, said paragraph contains conclusions of law and not allegations

of facts for which a responsive pleading is required.  With regard to venue, Defendant admits only that

the location of the real property that allegedly gave rise to this action is within this District.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3.    Answering Paragraph 3, Defendant COLVIN OIL COMPANY dba SPIRIT MART admits that SPIRIT MART is located at 317 Hwy 101 S., Crescent City, California and that it is owned and operated by COLVIN OIL COMPANY.

4.    Answering Paragraph 4, Defendant denies generally and specifically each and every averment contained in said paragraph.

5.    Answering Paragraph 5, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

6.    Answering Paragraph 6, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.  Defendant COLVIN OIL COMPANY dba SPIRIT MART admits only that it owns and operates the Spirit Mart located in Crescent City, California.  With regard to the remaining averments of fact,  Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

7.    Answering Paragraph 7, Defendant COLVIN OIL COMPANY dba SPIRIT MART admits only that it owns and operates the Spirit Mart located in Crescent City, California.  With regard to the remaining averments of fact, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

8.    Answering Paragraph 8, Defendant COLVIN OIL COMPANY dba SPIRIT MART admits only that it owns and operates the Spirit Mart located in Crescent City, California.  With regard to the remaining averments of fact,  Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

averment contained in said paragraph.

9.    Answering Paragraph 9, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

10.    Answering Paragraph 10, Defendant denies generally and specifically each and every averment contained in said paragraph.

11.    Answering Paragraph 11, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required. Defendant COLVIN OIL COMPANY dba SPIRIT MART admits only that it owns and operates the Spirit Mart located in Crescent City, California. With regard to the remaining averments of fact, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

12.    Answering Paragraph 12, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

13.    Answering Paragraph 13, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

14.    Answering Paragraph 14, Defendant denies generally and specifically each and every averment contained in said paragraph.

15.    Answering Paragraph 15, Defendant denies generally and specifically each and every averment contained in said paragraph.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
00583647.WPD                                    3

16.    Answering Paragraph 16, Defendant denies generally and specifically each and every averment contained in said paragraph.

17.    Answering Paragraph 17, Defendant repeats and incorporates by reference, as fully set forth herein, the responses in paragraphs 1 through 16 as set forth above.

18.    Answering Paragraph 18, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

19.    Answering Paragraph 19, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

20.    Answering Paragraph 20, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

21.    Answering Paragraph 21, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

22.    Answering Paragraph 22, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

23.    Answering Paragraph 23, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

24.    Answering Paragraph 24, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

25.    Answering Paragraph 25, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

26.    Answering Paragraph 26, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

00583647.WPD                                        4

27.    Answering Paragraph 27, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.   With regard to the remaining averments of fact, Defendant denies generally and specifically each and every averment contained in said paragraph.

28.    Answering Paragraph 28, Defendant denies generally and specifically each and every averment contained in said paragraph.

29.    Answering Paragraph 29, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.   With regard to the remaining averments of fact, Defendant denies generally and specifically each and every averment contained in said paragraph.

30.    Answering Paragraph 30, Defendant denies generally and specifically each and every averment contained in said paragraph.

31.    Answering Paragraph 31, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.   With regard to the remaining averments of fact, Defendant denies generally and specifically each and every averment contained in said paragraph.

32.    Answering Paragraph 32, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.   With regard to the remaining averments of fact, Defendant denies generally and specifically each and every averment contained in said paragraph.

33.    Answering Paragraph 33, Defendant denies generally and specifically each and every averment contained in said paragraph.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

34.     Answering Paragraph 34, Defendant repeats and incorporates by reference, as fully set forth herein, the responses in paragraphs 1 through 33 as set forth above.

35.     Answering Paragraph 35, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

36.     Answering Paragraph 36, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.  With regard to the remaining averments of fact, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

37.     Answering Paragraph 37, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.  With regard to the remaining averments of fact, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

38.     Answering Paragraph 38, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.

39.     Answering Paragraph 39, Defendant denies generally and specifically each and every averment contained in said paragraph.

40.     Answering Paragraph 40, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

41.     Answering Paragraph 41, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583647.WPD

42.    Answering Paragraph 42, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

43.    Answering Paragraph 43, Defendant denies generally and specifically each and every averment contained in said paragraph.

44.    Answering Paragraph 44, Defendant denies generally and specifically each and every averment contained in said paragraph.

45.    Answering Paragraph 45, Defendant denies generally and specifically each and every averment contained in said paragraph.

46.    Answering Paragraph 46, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

47.    Answering Paragraph 47, Defendant denies generally and specifically each and every averment contained in said paragraph.

48.    Answering Paragraph 48, Defendant denies generally and specifically each and every averment contained in said paragraph.

49.    Answering Paragraph 49, Defendant denies generally and specifically each and every averment contained in said paragraph.

50.    Answering Paragraph 50, Defendant denies generally and specifically each and every averment contained in said paragraph.

51.    Answering Paragraph 51, Defendant repeats and incorporates by reference, as fully set forth herein, the responses in paragraphs 1 through 50 as set forth above.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583647.WPD

52.     Answering Paragraph 52, said paragraph contains conclusions of law and not allegations of fact for which a responsive pleading is required.   With regard to the remaining averments of fact, Defendant denies generally and specifically each and every averment contained in said paragraph.

53.     Answering Paragraph 53, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.

54.     Answering Paragraph 54, Defendant repeats and incorporates by reference, as fully set forth herein, the responses in paragraphs 1 through 53 as set forth above.

55.     Answering Paragraph 55, Defendant denies generally and specifically each and every averment contained in said paragraph.

56.     Answering Paragraph 56, Defendant denies generally and specifically each and every averment contained in said paragraph.

57.     Answering Paragraph 57, Defendant lacks information and belief sufficient to enable Defendant to respond, and on that basis, Defendant denies generally and specifically each and every averment contained in said paragraph.

58.     Answering Paragraph 58, Defendant denies generally and specifically each and every averment contained in said paragraph.

59.     Answering Paragraph 59, Defendant denies generally and specifically each and every averment contained in said paragraph.

60.     Answering Paragraph 60, Defendant denies generally and specifically each and every averment contained in said paragraph.

61.     Answering Paragraph 61, Defendant denies generally and specifically each and every averment contained in said paragraph.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

62.    Answering Paragraph 62, Defendant denies generally and specifically each and every averment contained in said paragraph.

63.    Answering Paragraph 63, Defendant denies generally and specifically each and every averment contained in said paragraph.

64.    Answering Paragraph 64, Defendant repeats and incorporates by reference, as fully set forth herein, the responses in paragraphs 1 through 63 as set forth above.

65.    Answering Paragraph 65, Defendant denies generally and specifically each and every averment contained in said paragraph.

66.    Answering Paragraph 66, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.

67.    Answering Paragraph 67, said paragraph contains conclusions of law and not allegations of facts for which a responsive pleading is required.

68.    Answering Paragraph 68, Defendant denies generally and specifically each and every averment contained in said paragraph.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and for each separately stated cause of action, fails to state facts sufficient to constitute a viable cause of action upon which relief can be granted as against this answering Defendant.

## **SECOND AFFIRMATIVE DEFENSE**

Defendant avers that Plaintiff's delay in asserting his averments has resulted in prejudice to Defendant, and thus, Plaintiff should be denied relief under the doctrine of laches.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

00583647.WPD                                    9

**THIRD AFFIRMATIVE DEFENSE**

Defendant avers that Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that some or all of the proposed access changes are not "readily achievable" as defined by the applicable access law and/or are *de minimis* alleged violations.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that the Complaint, and each cause of action averred therein, is barred by reason of Defendant's good faith reliance upon permissible, reasonable interpretation of applicable access codes by local government building authorities, local government and city authorities, and issuance of appropriate building permits, exemptions and/or waivers.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that the Complaint, and each cause of action averred therein, is barred by reason of Defendant's good faith reliance upon the advice of architects and/or designers, contractors, building permit inspectors, county and city officials, government authorities, etc., who provided opinions, evaluations, approvals, consultations, and/or exemptions.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that some or all of the alleged access issues at this facility are not in a primary function area

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that any proposed access changes would fundamentally alter the nature of the goods, services, facility, privilege, advantage or accommodation being offered.

/ / /

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

## NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that there is no liability where an alleged deviation from state or federal access codes will be rectified within 90 days of discovery.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that some or all of the averred constructions changes were made in compliance with the American Standards Association. (ASA) (ANSIA 117.7-1961).

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that any proposed access changes would cause a loss of function, space or facility where the general public is concerned, and that proposed changes would cause practical difficulty, unnecessary hardship, and extreme differences, when the equivalent facilitation has been provided.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that any construction change to the subject property were made in compliance with ANSIA and proportioned to the anticipated number of individuals with disabilities who would use said property.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that Plaintiff's claim for relief under the California Civil Code is unenforceable because there were no "alterations" after 1987 when Civil Code Section 51, 52, 54.3, and 55 were enacted and enforceable as a private right of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that other persons/entities not presently parties to this action are totally or partially liable for alleged access violations, and these persons/entities may be discovered during discovery.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583647.WPD

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that it is exempt in accordance to applicable state and federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any proposed access change would pose a direct threat to the safety and health of others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint fails to state a viable claim for punitive damages against this answering Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### NINETEENTH AFFIRMATIVE DEFENSE

Notwithstanding the previous denials and/or asserted affirmative defenses, Plaintiff is not entitled in any sense to recovery of attorney's fees, costs of suit, or pre-judgment interest.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to notify Defendant and appropriate state authorities about the alleged violations and therefore failed to exhaust administrative requirements under California and federal law. Plaintiff failed to notify Defendant to provide an opportunity to remediate before filing suit to likely resolve alleged access problems fairly and, therefore, failed to reasonably mitigate damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that some or all of Plaintiff's proposed access changes are not required by applicable law. Defendant is unaware of Plaintiff's specific

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
00583647.WPD
12

complaint of alleged architectural barriers, as Plaintiff's Complaint is general and vague. Because discovery is ensuing, Defendant is informed and believes that based on future construction/contractor bids regarding proposed access changes, the costs of said bids will show that the proposed changes are disproportionate to the overall previous applicable alterations, if any, and therefore not required under relevant and applicable access law. Defendant asserts this defense based on the discovery of construction/contractor bids and the discovery of proposed access changes and complaints.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes that to meet the access requirements that Plaintiff requests would be structurally impractical or technically infeasible. Defendant is informed and believes that proposed access changes would be an unnecessary or undue burden and financially infeasible based on future proposed construction/contractor bids and Defendant's earnings, would be practically difficult and/or too expensive and are not required by applicable access law. Moreover, Defendant has alternative methods and equivalent accessibility provided to the disabled, including alternative accessible features, which have been implemented to the maximum extent feasible. Defendant asserts the financially infeasible defense based on future construction/contractor bids regarding some or all proposed access changes once disclosed to Defendant by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to take reasonable steps in order to avoid any injury he may have suffered, and thus Plaintiff's claims and any recovery are barred by the doctrine of avoidable consequences. Plaintiff also failed to reasonably mitigate his damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff lacks standing to maintain this action and each cause of action contained in this action.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583647.WPD

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and alleges that Plaintiff is estopped from asserting the claims in the Complaint under the doctrine of estoppel because Plaintiff allegedly visited the subject facility on more than one occasion and did not complain of being denied access after the first visit to the subject facility, and Defendant relied on this for not making any access changes to the subject facility.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and alleges a lack of jurisdiction because there is no live case or controversy regarding Plaintiff's demand for injunctive relief as access improvements are complete or will be complete.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges the premises leased by Defendant were not altered or modified after January 26, 1992.  42 U.S.C. §12183(a); 28 C.F.R. §36.402.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that it has no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting the cause of action in Plaintiff's Complaint, and based thereon, hereby respectfully request leave of court to amend this answer to include those defenses that are revealed during the course of discovery.

WHEREFORE, Defendant COLVIN OIL COMPANY dba SPIRIT MART, prays for judgment against Plaintiff for:

1)    Denial of all right to injunctive relief, declaratory judgment and/or damages pursuant to Plaintiff's claims in the first, second and third claims for relief;

2)    Denial of any and all damages, including attorney's fees, litigation expenses and costs, and punitive damages;

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3)     For reasonable attorney's fees and litigation expenses and costs in defense of Plaintiff's Complaint, and;

4)     Such other and further relief that the Court deems just and proper.

Dated: May 20, 2008                    PORTER SCOTT
                                       A PROFESSIONAL CORPORATION


                                       By _____
                                              Jennifer E. Duggan

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583647.WPD

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
15

**DEMAND FOR JURY TRIAL**

Defendant COLVIN OIL COMPANY dba SPIRIT MART hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the Untied States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 20, 2008

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____

Jennifer E. Duggan

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

00583647.WPD

16

**CASE:** *Hohlbein v. Colvin Oil Company, et al.*
**CASE NO:** C-08-2160 EMC
**COURT:** USDC Northern District Court

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 350 University Avenue, Suite 200, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date referenced below, I caused to have served the following:

### ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

on all parties in the said action as addressed below by causing a true copy thereof to be:

__X__ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

_____ **BY PERSONAL SERVICE.** I caused such document to be delivered by hand to the office of the person(s) listed below.

_____ **BY OVERNIGHT DELIVERY.** I caused such document to be delivered by overnight delivery to the office of the person(s) listed below.

_____ **BY FACSIMILE.** I caused such document to be transmitted by facsimile machine to the office of the person(s) listed below.

Jason K. Singleton
Richard Grabowski
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California on May 20, 2008.

_____
Aimee Thompson

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00583810.WPD